# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Wayne Ginnis,

    Petitioner,

v.

JT Shartle,

    Respondent.

No. CV-17-00515-TUC-JAS

**ORDER**

Pending before the Court is a Report and Recommendation issued by Magistrate Judge D. Thomas Ferraro. In the Report and Recommendation, Magistrate Judge Ferraro recommends that the Petition be denied, and that Petitioner should be granted a recalculation of his sentence to comply with the United States District Court for the District of Idaho's order. (Doc. 16.) As the Court finds that the Report and Recommendation appropriately resolved the Petition, the Petitioner's objections are denied.[1] The Court does not find that it is appropriate to order a recalculation at this time, and therefore grants Respondent's objection (Doc. 18).

Magistrate Judge Ferraro recognized, correctly, that there is an error in Petitioner's current sentence. According to Respondent, Petitioner was sentenced to a 70-month term of imprisonment, with 35 months to run concurrently to Petitioner's state sentence and 35

---

[1] The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *See Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

months to run consecutively to the state sentence. (Doc. 13, at 2.) Petitioner was released from state custody and brought into federal custody on May 3, 2017. (*Id.* at 3.) The Bureau of Prisons then used the May 3, 2017 date, to calculate the target release date. (*Id.*) The Bureau of Prisons calculated 35 months after that date, which established a target release date of August 17, 2020. (*Id.*) However, this calculation is incorrect.[2] Then the Bureau of Prisons used this incorrect date to calculate the Petitioner's sentence commencement date, October 18, 2014. (*Id.*) Therefore, this error not only created an incorrect end date, but an incorrect start date as well. The correct commencement date, given Respondent's stated calculation, should be June 4, 2014. The correct end date, given Respondent's stated calculation, should be April 3, 2020.

The Court finds no fault with Magistrate Judge Ferraro's calculation; however, this is not the issue before the Court. Petitioner did not raise the issue in a petition or at oral argument, and consequently, Respondent never addressed this issue. It is not clear if Petitioner has exhausted the available administrative remedies as to this matter. Therefore, this issue would be more appropriately addressed in a separate habeas proceeding, after the Bureau of Prisons and Respondent have had an opportunity to address the potential miscalculation.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Magistrate Judge Ferraro's Report and Recommendation (Doc. 16) is accepted and adopted, in part, and denied, in part.

(2) The Petition (Doc. 1) is denied.

(3) Petitioner's Motion to Stay (Doc. 22) is denied as MOOT.

(4) Petitioner's Motion for release on Bail (Doc. 23) is denied.

---

[2] First, this calculation is clearly incorrect as the dates of the month for May 3, 2017, and August 17, 2020 are drastically different. Therefore, the calculation is not in months. This error is easier to see when comparing August 17, 2020, and October 18, 2014; these dates are separated by months because the dates of the month are separated by one day. Further, it is simple to calculate 35 months away from a date, apart from actually counting 35 months or using a program, as 35 months is one month short of three years. Therefore, adding three years and subtracting a month would result in the correct calculation. Three years from May 3, 2017, would be May 3, 2020. Then subtracting a month would result in April 3, 2020. Thirty-five months after May 3, 2017, is April 3, 2020, NOT August 17, 2020.

1    (5) Petitioner's Motion for Court Order (Doc. 24) is denied as MOOT.

2    (6) The Clerk of the Court shall enter judgment in this matter and close the case.

3    Dated this 2nd day of November, 2018.

Honorable James A. Soto
United States District Judge