**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Ginnis,<br><br>　　　　Petitioner,<br><br>v.<br><br>JT Shartle,<br><br>　　　　Respondent. | No. CV-17-00515-TUC-JAS<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion for Appointment of Counsel (Doc. 30).

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional

circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Petitioner's Motion for Appointment of Counsel (Doc. 30).

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel (Doc. 30) is denied.

Dated this 17th day of December, 2018.

Honorable James A. Soto
United States District Judge